CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1219V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY ASAY, | Chief Special Master Corcoran |
| Petitioner, | Filed: December 22, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus-Diphtheria-Acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA). |
| Respondent. | |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On September 17, 2020, Kimberly Asay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination received on May 9, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 17, 2021, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case because she suffered a SIRVA as defined by the Vaccine Injury Table. Respondent's Rule 4(c) Report at 1, 6-7. Specifically, Petitioner had no history of pain, inflammation, or dysfunction of her left

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

shoulder that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; Petitioner's pain began within 48 hours after vaccination; Petitioner's pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's left shoulder pain. *Id.* at 6. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master